## IN THE UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) ) ) |
| -vs- | ) No. **CR-19-404-D** ) |
| CHERYL M. ASHLEY,<br>  a/k/a Cheryl Ashley,<br>  a/k/a Carol Mary Ashton,<br>  a/k/a Cheryl Ashton,<br>  a/k/a Jan Kendel, | ) ) ) ) ) ) |
| Defendant. | ) |

## **PLEA AGREEMENT**

### Introduction

1. This Plea Agreement, in conjunction with a Plea Supplement filed contemporaneously under seal, contains the entire agreement between Defendant Cheryl M. Ashley (a/k/a Cheryl Ashley, Carol Mary Ashton, Cheryl Ashton, and Jan Kendel) and the United States concerning Defendant's plea of guilty in this case. No other agreement or promise exists, nor may any additional agreement be entered into unless in writing and signed by all parties. Any unilateral modification of this Plea Agreement is hereby rejected by the United States. This Plea Agreement applies only to the criminal violations described and does not apply to any civil matter or any civil forfeiture proceeding except as specifically set forth. This Plea Agreement binds only the United States Attorney's Office for the Western District of Oklahoma and does not bind any other federal, state, or local

prosecuting, administrative, or regulatory authority. If Defendant does not accept the terms of this Plea Agreement by September 4, 2020 at 5:00 p.m., the offer is withdrawn.

### Guilty Plea

2. Defendant agrees to enter a plea of guilty to a one-count Superseding Information in Case Number CR-19-404-D, charging conspiracy to commit an offense against the United States, in violation of 18 U.S.C. § 371. To be found guilty of violating 18 U.S.C. § 371, as charged in the Superseding Information, Defendant must admit, and does admit, that beginning in and about 2014 and continuing into 2019, in the Western District of Oklahoma: (1) Defendant agreed with her co-conspirators, Laura R. Johnson and Thomas Johnson, Sr., to violate the law by conspiring to commit the offenses of mail fraud, in violation of 18 U.S.C. § 1341, or wire fraud, in violation of 18 U.S.C. § 1343; (2) Defendant or one of her co-conspirators engaged in at least one overt act in furtherance of the conspiracy's objective; (3) Defendant knew the essential objectives of the conspiracy; (4) Defendant knowingly and voluntarily participated in the conspiracy; and (5) Defendant and her co-conspirators were interdependent; that is, Defendant and her co-conspirators acted together for their shared mutual benefit.

### Maximum Penalty, Restitution, and Special Assessment

3. The maximum penalty that could be imposed as a result of this plea is up to five years of imprisonment or a fine of no more than $250,000.00, or both such fine and imprisonment, as well as a mandatory special assessment of $100.00 and a term of supervised release of three years.

4. In addition to the punishment described above, a plea of guilty can affect immigration status. If Defendant is not a citizen of the United States, a guilty plea may result in deportation and removal from the United States, may prevent Defendant from ever lawfully reentering or remaining in the United States, and may result in the denial of naturalization. If Defendant is a naturalized citizen of the United States, a guilty plea may result in denaturalization.

5. In addition, the Court must order the payment of restitution to any victim(s) of the offense. Pursuant to 18 U.S.C. §§ 3663(a)(3) and 3663A, the parties further agree that, as part of the sentence resulting from Defendant's plea, the Court will enter an order of restitution to all victims of Defendant's relevant conduct as determined by reference to the United States Sentencing Guidelines (the "Guidelines"). Defendant agrees not to claim any setoff from the calculation restitution, as determined by the United States Sentencing Guidelines, based upon any improvements made to any fraudulently obtained real properties described in the Superseding Information.

6. Defendant agrees to pay the special assessment due the United States to the Office of the United States Court Clerk immediately following sentencing. Defendant understands that any fine or restitution ordered by the Court is immediately due unless the Court provides for payment on a date certain or in installments. If the Court imposes a schedule for payment of restitution, Defendant agrees that such a schedule represents a minimum payment obligation and does not preclude the United States Attorney's Office from pursuing other means by which to satisfy Defendant's full and immediately enforceable financial obligations. Defendant accepts a continuing obligation

to pay in full, as soon as possible, any financial obligation imposed by the Court. Defendant further understands that a failure to abide by the terms of any restitution schedule imposed by the Court may result in further action by the Court.

7. For certain statutory offenses, the Court must also impose a term of supervised release, which Defendant will begin to serve after being released from custody. For all other offenses, the Court may impose a term of supervised release to be served following release from custody. During the term of supervised release, Defendant will be subject to conditions that will include prohibitions against violating local, state, or federal law, reporting requirements, restrictions on travel and residence, and possible testing for controlled substance use. If Defendant violates the conditions of supervised release, the Court may revoke Defendant's supervised release and sentence Defendant to an additional term of imprisonment. This additional term of imprisonment would be served without credit for the time Defendant successfully spent on supervised release. When combined, the original term of imprisonment and any subsequent term of imprisonment the Court imposes may exceed the statutory maximum prison term allowable for the offense.

**Financial Disclosures**

8. Defendant agrees to disclose all assets in which Defendant has any interest or over which Defendant exercises control, directly or indirectly, including those held by a spouse, nominee, or any other third party. Upon request by the United States, Defendant agrees (1) to complete truthfully and sign under penalty of perjury a Financial Statement of Debtor by the change-of-plea hearing, or a date otherwise agreed to by the United States, and (2) to provide updates with any material changes in circumstances, as

described in 18 U.S.C. § 3664(k), within seven days of the event giving rise to the changes. Defendant understands that the United States will take Defendant's compliance with these requests into account when it makes a recommendation to the Court regarding Defendant's acceptance of responsibility.

9. Defendant also expressly authorizes the United States Attorney's Office to obtain a credit report on Defendant, in order to evaluate Defendant's ability to satisfy any financial obligations imposed by the Court. Finally, Defendant agrees to notify the Financial Litigation Unit ("FLU") of the United States Attorney's Office and to obtain permission from FLU before Defendant transfers any interest in property with a value exceeding $1,000, owned directly, indirectly, individually, or jointly by Defendant, including any interest held or owned under any name, including trusts, partnerships, or corporations. Defendant acknowledges a continuing obligation to notify and obtain permission from FLU for any transfers of the above-described property until full satisfaction of any restitution, fine, special assessment, or other financial obligations imposed by the Court.

### Return of Real and Personal Properties

10. Defendant agrees to disclaim any right, title or interest in the real and personal properties listed in the Superseding Information and sign all documents necessary to return the properties to the rightful owners as determined by the United States. Defendant also agrees to forfeit, surrender, and disclaim any right, title, or interest in the Estate of Jewel Marvine Bartrug (*see In re Estate of Jewel Marvine Bartrug*, District Court of Oklahoma County, Case No. PB-2016-1163), and sign all documents necessary to return

property to the estate. Should the United States discover any additional real or personal property obtained through fraudulent warranty deeds, as described in the conspiracy, Defendant agrees to disclaim any right, title and interest in such properties and sign all paperwork necessary to return the properties to the rightful owners as determined by the United States.

### Sentencing Guidelines

11. The parties acknowledge that 18 U.S.C. § 3553(a) directs the Court to consider certain factors in imposing sentence, including the Guidelines promulgated by the United States Sentencing Commission. Consequently, although the parties recognize that the Guidelines are only advisory, they have entered into certain stipulations and agreements with respect to the Guidelines. Based upon the information known to the parties on the date that this Plea Agreement is executed, they expect to take, but are not limited to, the following positions at sentencing:

   a. Defendant agrees not to claim any setoff from the calculation of loss, as determined by the United States Sentencing Guidelines, based upon any improvements made to any fraudulently obtained real properties described in the Superseding Information.

   b. The parties agree Defendant should receive a two-level downward adjustment for Defendant's acceptance of responsibility, pursuant to U.S.S.G. § 3E1.1(a), if Defendant commits no further crimes, does not falsely deny or frivolously contest relevant conduct, and fully complies with all other terms of this Plea Agreement. Further, to the extent the Court finds Defendant qualifies for that two-level downward

6

adjustment and U.S.S.G. § 3E1.1(b) is applicable, the United States agrees to move for the additional one-level downward adjustment of § 3E1.1(b) if Defendant accepts the terms of this Plea Agreement by the deadline established in Paragraph 1.

Apart from any expressed agreements and stipulations, the parties reserve the right to advocate for, and present evidence relevant to, other Guidelines adjustments and sentencing factors for consideration by the United States Probation Office and the Court.

12. The parties have entered into this Plea Agreement under the provisions of Rule 11(c)(1)(A) & (B). Defendant acknowledges and understands that the Court is not bound by, nor obligated to accept, these stipulations, agreements, or recommendations of the United States or Defendant. And, even if the Court rejects one or more of these stipulations, agreements, or recommendations, that fact alone would not allow Defendant to withdraw Defendant's plea of guilty. Upon Defendant's signing of this Plea Agreement, the United States intends to end its investigation of the allegations in the Superseding Information, as to Defendant, except insofar as required to prepare for further hearings in this case, including but not limited to sentencing, and to prosecute others, if any, involved in Defendant's conduct. The United States agrees to end any investigation directed specifically at the foregoing stipulations, agreements, or recommendations as to Defendant. However, subject to the terms and conditions of this Plea Agreement and Plea Supplement, the United States expressly reserves the right to take positions that deviate from the foregoing stipulations, agreements, or recommendations in the event that material credible evidence requiring such a deviation is discovered during the course of its

investigation after the signing of this Plea Agreement or arises from sources independent of the United States, including the United States Probation Office.

### Waiver of Right to Appeal and Bring Collateral Challenge

13. Defendant understands that the Court will consider the factors set forth in 18 U.S.C. § 3553(a) in determining Defendant's sentence. Defendant also understands that the Court has jurisdiction and authority to impose any sentence within the statutory maximum for the offense(s) to which Defendant is pleading guilty. Defendant further understands that 28 U.S.C. § 1291 and 18 U.S.C. § 3742 give Defendant the right to appeal the judgment and sentence imposed by the Court. Acknowledging all of this, and in exchange for the promises and concessions made by the United States in this Plea Agreement, Defendant knowingly and voluntarily waives the following rights:

  a. Defendant waives the right to appeal Defendant's guilty plea, and any other aspect of Defendant's conviction, including but not limited to any rulings on pretrial suppression motions or any other pretrial dispositions of motions and issues;

  b. Except as stated immediately below, Defendant waives the right to appeal Defendant's sentence as imposed by the Court, including any restitution, and the manner in which the sentence is determined. If the sentence is above the advisory Guidelines range determined by the Court to apply to Defendant's case, this waiver does not include Defendant's right to appeal specifically the substantive reasonableness of Defendant's sentence;

  c. Defendant waives the right to collaterally challenge or move to modify (under 28 U.S.C. § 2255, 18 U.S.C. § 3582(c)(2), or any other ground) Defendant's

conviction or sentence, including any restitution, except with respect to claims of ineffective assistance of counsel.

Defendant acknowledges that these waivers remain in full effect and are enforceable, even if the Court rejects one or more of the positions of the United States or Defendant set forth in paragraph 11.

14. Except as stated immediately below, the United States agrees to waive its right under 18 U.S.C. § 3742 to appeal the sentence imposed by the Court and the manner in which the sentence was determined. If the sentence is below the advisory Guidelines range determined by the Court to apply to this case, this waiver does not include the right of the United States to appeal specifically the substantive reasonablness of the sentence.

## Waiver of FOIA and Privacy Act Rights

15. Defendant waives all rights, whether asserted directly or by a representative, to request of or receive from any department or agency of the United States any records pertaining to the investigation or prosecution of this case, including but not limited to records that Defendant may seek under the Freedom of Information Act, 5 U.S.C. § 552, or the Privacy Act of 1974, 5 U.S.C. § 522a.

## Obligations of Defendant

16. Defendant shall commit no further crimes. Should Defendant commit any further crimes, knowingly give false, incomplete, or misleading testimony or information, or otherwise violate any provision of this Plea Agreement, the United States will be released from any obligations, agreements, or restrictions imposed on it under this

Plea Agreement, and the United States may prosecute Defendant for any and all of Defendant's federal criminal violations, including perjury and obstruction of justice. Any prosecution within the scope of this investigation that is not time-barred by the applicable statute of limitations on the date of the signing of this Plea Agreement may be brought against Defendant, notwithstanding the expiration of the statute of limitations between the signing of this Plea Agreement and the commencement of that prosecution. Defendant hereby waives all defenses based on the statute of limitations with respect to any prosecution that is not time-barred on the date that this Plea Agreement is signed.

17. The parties also recognize that if the Court determines Defendant has violated any provision of this Plea Agreement or authorizes Defendant to withdraw from Defendant's knowing and voluntary guilty plea entered pursuant to this Plea Agreement: (a) all written or oral statements made by Defendant to the Court or to federal or other designated law enforcement agents, any testimony given by Defendant before a grand jury or other tribunal, whether before or after the signing of this Plea Agreement, and any leads from those statements or testimony, shall be admissible in evidence in any criminal proceeding brought against Defendant; and (b) Defendant shall assert no claim under the United States Constitution, any statute, Federal Rule of Criminal Procedure 11(f), Federal Rule of Evidence 410, or any other federal rule or law that those statements or any leads from those statements should be suppressed. Defendant knowingly and voluntarily waives Defendant's rights described in this paragraph as of the time Defendant signs this Plea Agreement.

## Obligations of the United States

18.	If Defendant enters a plea of guilty as described above and fully meets all obligations under this Plea Agreement, the United States will move to dismiss at sentencing the Superseding Indictment and the original Indictment in Case No. CR-19-404-D and the United States Attorney's Office for the Western District of Oklahoma will not further prosecute Defendant for any crimes related to: (1) Defendant's participation in a scheme to obtain and attempt to obtain money and property through the use of fraudulent documents, many of which contained forged signatures and forged notary seals, including warranty deeds, confidential documentary stamp tax affidavits, eviction notices, mortgages, and district court pleadings and exhibits during the period from 2014 until 2019; (2) Defendant's knowingly making false representations to International Bank of Commerce for the purpose of influencing the action of the bank on an $83,250 loan request in and about January 2017; and (3) Defendant using, without lawful authority, the means of identification of other persons, including the names and seals of notaries public and the name of J.M. Bartrug, during the period from 2014 through March 2018.  This Plea Agreement does not provide any protection against prosecution for any crime not specifically described above.

19.	Defendant understands that the sentence to be imposed upon Defendant is within the sole discretion of the Court.  The United States does not make any promise or representation as to what sentence Defendant will receive.  The United States reserves the right to inform the United States Probation Office and the Court of the nature

and extent of Defendant's activities with respect to this case and all other activities of Defendant that the United States deems relevant to sentencing.

### Signatures

20. By signing this Plea Agreement, Defendant acknowledges that Defendant has discussed the terms of the Plea Agreement with Defendant's attorney and understands and accepts those terms. Further, Defendant acknowledges that this Plea Agreement, in conjunction with the Plea Supplement filed contemporaneously under seal, contains the only terms of the agreement concerning Defendant's plea of guilty in this case, and that there are no other deals, bargains, agreements, or understandings which modify or alter these terms.

Dated this 3RD day of SEPT, 2020.

**APPROVED:**

_____
BRANDON HALE
Deputy Chief, Criminal Division


_____
CHERYL M. ASHLEY
Defendant

TIMOTHY J. DOWNING
United States Attorney

_____
KERRY A. KELLY
Assistant United States Attorney
Western District of Oklahoma
210 Park Avenue, Ste. 400
Oklahoma City, Oklahoma 73102
(405) 553-8752 (Office)
(405) 553-8888 (FAX)

_____
ROBERT JACKSON
Attorney for Defendant

12